# THE DUPONT LAW FIRM, LLP

## ATTORNEYS AND COUNSELLORS AT LAW



BARBARA J. DUPONT
RALPH P. DUPONT

May 28, 2013

**VIA E-MAIL ONLY**

The Honorable Katherine B. Forrest
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAY 29 2013
```

Re: Assa, Alavi and 650 Fifth Avenue Co. Claimants
Letter Motions for Sanctions in *Hegna v. Islamic Republic of Iran*, 11-Civ-03761(KBF) and *In re 650 Fifth Avenue and Related Properties* 08-Civ-10934 (KBF) and Related Cases.

Dear Judge Forrest:

    We write as counsel for the Hegnas in the above-captioned cases. We have carefully reviewed the Government's letter brief of May 25, 2013 in response to the above-captioned Defendants-Claimants moving papers seeking dispositive sanctions. To the extent that those moving papers are directed against the Hegna Defendant-Claimants in the forfeiture action and/or the Hegna-Movants in the Show Cause Order special proceeding, above-captioned, the Hegnas adopt the letter brief of the Government aforementioned and incorporate it herein by reference.

    The pleadings in the Show Cause special proceeding (11-Civ-03761(KBF)) ("SCO") have been closed since July, 2009. The Hegnas have filed verified Claims and answered the amended Complaint and pled their special defenses in the forfeiture action (08-Civ-10934) in which they assert that they acquired their judgment lien against the Defendant-Properties for value, and, therefore, have standing in the forfeiture action. See generally Stefan D. Cassella, Asset Forfeiture Law in the United States §§10-4c (Supp. 2009, at pp. 117-118) and 12-6a.)

    Neither the Hegnas nor any Plaintiff Judgment Creditor should be deprived of an interest in the Defendant Properties as punishment for an unintended, discovery omission.

    Within the SCO, as well as in the forfeiture action, the Hegnas assert that Iran and its agencies and instrumentalities have defaulted of appearance several years ago, but hold property interests in the Defendant-Properties, which interests are subject to enforcement pursuant to the Foreign Sovereign Immunities Act §§1605A and 1610, regardless of whether

the Defendant-Properties are blocked or not and whether or not the conduct of Assa and Alavi violated any law.

The Hegnas respectfully suggest that it would be unfair to them and all Plaintiffs-Creditors, who have been ordered to engage in consolidated discovery, to bar them enforcing their judgment liens against the Defendant-Properties because of a technical error in the course of discovery over which they have had virtually no control to the present.

We have the honor to remain,

The Dupont Law Firm, LLP

By: _____
Ralph P. Dupont, Esq.

cc: All counsel of record

ORDERED

Post on Docket     5/28/13

_____
Katherine B. Forrest, USDJ

2