UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  OCT 0 6 2014
```

:
:
:
IN RE: 650 FIFTH AVENUE AND             :          08-cv-10934 (KBF)
RELATED PROPERTIES                      :         and all member and
                                        :           related cases
                                        :
                                        :        OPINION & ORDER
                                        :
-----------------------------------------------------------------X

KATHERINE B. FORREST, District Judge:

Claimants Edwena R. Hegna, individually and as executrix of the estates of

Charles A. Hegna and Paul B. Hegna, Steven A. Hegna, Craig M. Hegna, and Lynn

Marie Hegna Moore (collectively, the "Hegnas") obtained a default judgment against

Iran and its Ministry of Information and Security ("MOIS") on January 22, 2002.

See In re 650 Fifth Ave. & Related Props., No. 08 Civ. 10934 KBF, 2014 WL

1998233, at *1 (S.D.N.Y. May 15, 2014).

On August 22, 2014, the Hegnas filed a motion to extend their judgment lien

pursuant to New York Civil Practice Law and Rules ("N.Y. C.P.R.L.") § 5203(b).

(ECF No. 1203.) The motion became fully briefed on September 18, 2014. For the

reasons set forth below, the motion is DENIED. Based on the facts before this

Court, it lacks the power to issue the relief requested.

I.      LEGAL STANDARD

Under New York law, a judgment lien is effective until "ten years after filing

of the judgment-roll." N.Y. C.P.L.R. § 5203(a). "If the 10 years expire without

satisfaction of the judgment, the judgment, while retaining its validity, loses its lien value, which means that another creditor can sneak in with a lien and make the real property unavailable for satisfaction of the judgment." Id. § 5014 cmt. 2; see also Gletzer v. Harris, 51 A.D.3d 196, 202 (N.Y. App. Div. 2008) ("[A]bsent the docketing of a renewal judgment, at the end of the 10-year period, another party must be able to obtain an interest in the judgment debtor's property free of the lien of the former judgment creditor."), aff'd, 909 N.E.2d 1224 (N.Y. 2009).

A judgment creditor may move for an extension of the ten-year period pursuant to § 5203(b), which states, in pertinent part:

> Upon motion of the judgment creditor, upon notice to the judgment debtor . . . the court may order that the lien of a money judgment upon real property be effective after the expiration of ten years from the filing of the judgment-roll, for a period no longer than the time during which the judgment creditor was stayed from enforcing the judgment, or the time necessary to complete advertisement and sale of real property in accordance with section 5236, pursuant to an execution delivered to a sheriff prior to the expiration of ten years from the filing of the judgment-roll. The order shall be effective from the time it is filed with the clerk of the county in which the property is located and an appropriate entry is made upon the docket of the judgment.

N.Y. C.P.L.R. § 5203(b) (emphases added).

A stay is generally defined as "a direction of the court, usually embodied in an order, 'freezing' an action or proceeding before it at whatever point it has reached and precluding it from going any further." See 1544-48 Props., L.L.C. v. Maitre, 712 N.Y.S.2d 303, 304 (N.Y. App. Term 2000). Court-issued stays plainly are distinct from barriers imposed by substantive law or delays engendered by litigation of disputed issues. The former trigger § 5203(b), while the latter do not.

2

II.   DISCUSSION

Any lien the Hegnas once had expired in January of 2012, see In re 650 Fifth Ave., 2014 WL 1998233, at *7, and a § 5203(b) extension is not available because the Hegnas were never "stayed" from enforcing their judgment.

The Hegnas' motion is premised on an untenable series of arguments that the equivalent of a "stay" has been in place for various periods of time since the inception of the lien. In particular, they argue that a "stay" was in place until Congress enacted the Terrorism Risk Insurance Act of 2002 ("TRIA"), Pub. L. No. 107-297, 116 Stat. 2322, because, before that time, Iranian property was immune from attachment and execution under § 1609 of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602 et seq. (Mem. of Law in Supp. of Mot. to Extend Liens Pursuant to NY CPLR § 5203(b) ("Hegnas' Mem.") at 1-2, ECF No. 1204.) The premise of this argument is that a legal inability to enforce their lien under § 1609 prior to the enactment of the TRIA was the legal equivalent of a "stay." It was not. Section 1609 of the FSIA did not "stay" the Hegnas from enforcing their judgment; rather, it provided that property of a foreign state was immune from attachment and execution subject to certain exceptions, none of which the Hegnas met. See 28 U.S.C. § 1609. The TRIA changed that and provided a basis for enforcement, see TRIA § 201(a), but that did not dissolve a preexisting stay; rather, it provided an affirmative avenue for enforcement (nor did Congress make the TRIA retroactive).

The Hegnas also argue that they had been under a "stay" based on two unsuccessful attempts to attach and levy upon certain consular property located in

3

this District.  (See Hegnas' Mem. at 2.)  The Court did not issue a stay of

enforcement.  In both cases, the Court denied the Hegnas' applications for

attachment because the consular property was "at issue" in a claim against the

United States before an international tribunal, and the Hegnas had voluntarily

relinquished their rights to execute against or attach such property as a condition of

obtaining partial recovery on their judgment.  See Hegna v. Islamic Republic of

Iran, 299 F. Supp. 2d 229 (S.D.N.Y. 2004), aff'd as modified, 402 F.3d 97 (2d Cir.

2005); Hegna v. Islamic Republic of Iran, 769 F. Supp. 2d 657 (S.D.N.Y. 2011), aff'd,

495 F. App'x 191 (2d Cir. 2012).

    Also belying any claim of "continuous[] stay[s]," (Hegnas' Mem. at 2), the

Hegnas have been actively litigating their right to enforce their judgment against

the defendant-in-rem properties, including the building at 650 Fifth Avenue (the

"Building").  It is certainly true that the Hegnas participated in extensive discovery

to support their claims that the Building was subject to attachment and execution

under FSIA § 1610 and TRIA § 201.  After discovery was completed, the Court

granted summary judgment to the Hegnas and other judgment creditors, finding

that the Building was subject to attachment and execution in satisfaction of their

respective judgments.  In re 650 Fifth Ave. & Related Props., No. 08 Civ.

10934(KBF), 2014 WL 1284494, at *8 (S.D.N.Y. Mar. 28, 2014).  This did not "stay"

the Hegnas from enforcing their judgment.[1]

---

[1] To be sure, the Court entered certain orders that affected how various parties, including the
Hegnas, were able to litigate their claims in these proceedings.  For example, the Court ordered that
it would not rule on priority—either as between the various judgment creditors or as between the
judgment creditors and the Government—until after there was a trial to determine whether the

4

Even if the requirements of § 5203(b) had been met (they are not), the Court would nonetheless deny the Hegnas' motion. See N.Y. C.P.L.R. § 5203(b) ("[T]he court may order that the lien of a money judgment upon real property be effective after the expiration of ten years from the filing of the judgment-roll." (emphasis added)). The Hegnas did not request to extend their lien before it expired in January of 2012, nor did they request to extend it for two and a half years since the expiration date. They sat on their alleged rights even after other claimants pointed out that the lien had expired (see Greenbaum, Acosta, Beer and Kirschenbaum Pls.' Joint Mem. of Law in Opp. to Hegna Pls.' Mot. for Summ. J. at 16-17, ECF No. 1063), and even after this Court ruled that the lien had expired, In re 650 Fifth Ave., 2014 WL 1998233, at *7-8. To extend the lien now, after years of delay, would prejudice the other parties in these consolidated proceedings.[2]

---

Building was subject to attachment and execution. (ECF No. 435.) As a result, the Court held the Hegnas' motion for partial summary judgment in abeyance because it sought "relief that includes a determination of priority." (Id.) Such decisions are within the Court's discretion and do not amount to "stays." See Mazzei v. The Money Store, 483 F. Supp. 2d 323, 326 (S.D.N.Y. 2007) ("It is within the Court's discretion and is incumbent upon the Court to manage its cases in the most efficient manner."). To the extent the Hegnas wanted to preserve a position dependent on a lien, it was incumbent upon them to maintain the lien.

[2] In particular, the Acosta, Beer and Kirschenbaum Plaintiffs-Claimants (the "ABK Plaintiffs") relied on the Court's ruling that the lien had expired in arguing that they have priority. (ABK Pls.' Mem. of Law in Supp. of Their Mot. for Partial Summ. J. at 4-5, ECF No. 1208.) Moreover, at least some other parties relied on the Court's ruling in electing not to submit their own motion papers on the priority issue. (See Peterson Pls.' Mem. of Law in Opp. to Hegna Pls.' Mot. Pursuant to CPLR 5203(b) at 1, ECF No. 1217.)

III.   CONCLUSION

Accordingly, the Hegnas' motion to extend their expired judgment lien is

DENIED.  The Clerk of Court is directed to terminate the motion at ECF No. 1203.

SO ORDERED.

Dated:      New York, New York
            October __6__, 2014

_____
            KATHERINE B. FORREST
            United States District Judge