USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: February 16, 2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
:
:
IN RE: 650 FIFTH AVENUE AND  :  08 Civ. 10934 (KBF)
RELATED PROPERTIES  :  and all member and
:  related cases
:
:  OPINION & ORDER
:
------------------------------------------------------------X

KATHERINE B. FORREST, District Judge:

This action, tracing back to 2008, seeks forfeiture of certain assets (including, most notably, the building located at 650 Fifth Avenue New York, New York) owned by the 650 Fifth Avenue Company (the "650 Fifth Ave Partnership" or the "Partnership") and its two partners, the Alavi Foundation ("Alavi") and Assa Corporation (together, with its parent Assa Company Ltd., "Assa").

This Court previously determined a number of issues on summary judgment, including that the Government of Iran continued to control Assa after March 1995, when President Clinton issued a series of Executive Orders pursuant to the International Emergency Economic Powers Act ("IEEPA") formally declaring the Government of Iran a threat to national security and imposing broad financial sanctions against it. In re 650 Fifth Avenue and Related Properties, No. 08-cv-10934, 2013 WL 5178677, at *22-24 (S.D.N.Y. Sept. 16, 2013). The Second Circuit agreed with this determination. In re 650 Fifth Avenue and Related Properties, 830 F.3d 66, 89-93 (2d Cir. 2016). However, the Second Circuit disagreed with this Court's determination that Alavi's knowledge of the post-1995

ownership and control of Assa by Iran could be determined on summary judgment. Id. at 93-95.[1]

A trial on this question – whether post-1995, Alavi knew that Assa was controlled by the Government of Iran – is scheduled to commence on May 30, 2016. Currently before the Court are cross-motions for partial summary judgment on a related issue: Whether Assa's own knowledge as to its true ownership may be imputed to Alavi. The Government moves for summary judgment on the basis that "[u]nder clear principles of New York Partnership law, Assa Corp.'s own knowledge that it was ultimately owned and controlled by Bank Melli Iran through two straw shareholders is imputed to both the Partnership and to Assa Corp.'s partner, Alavi." (Memorandum of Law in Support of the Government's Motion for Partial Summary Judgment ("Gov.'s Mem."), ECF No. 1412, at 1.)[2] Alavi and the 650 Fifth Ave Company (together, "Claimants") move for summary judgment on the basis "that the knowledge of Assa Corporation . . . of its ownership or control cannot be attributed to the Claimants." (Alavi Foundation's and 650 Fifth Avenue Company's Memorandum of Law in Support of Their Cross Motion for Partial Summary Judgment and Opposition to the Government's Motion for Partial Summary Judgment ("Claimants' Mem."), ECF No. 10934, at 1.)[3]

---

[1] In contrast, the Second Circuit agreed with this Court's determination that Alavi knew that Assa was controlled by Iran prior to 1995. In re 650 Fifth Avenue, 830 F.3d at 79-80.

[2] (See also Reply Memorandum of Law in Further Support of the Government's Motion for Partial Summary Judgment and in Opposition to Claimants' Cross Motion ("Gov.'s Reply Mem."), ECF No. 1442, at 2.)

[3] (See also Alavi Foundation and 650 Fifth Avenue Company's Reply Memorandum of Law in Support of Their Cross-Motion for Partial Summary Judgment ("Claimants' Reply Mem."), ECF No. 1446-1, at 1.)

For the reasons set forth below, the Court concludes that genuine issues of material fact exist and both motions for summary judgment are therefore DENIED.

I.  IMPUTATION OF KNOWLEDGE TO PARTNERS

New York Partnership Law § 23 provides:

> Notice to any partner of any matter relating to partnership affairs, and the knowledge of the partner acting in the particular matter, acquired while a partner or then present to his mind, and the knowledge of any other partner who reasonably could or should have communicated it to the acting partner, operate as notice to or knowledge of the partnership, except in the case of fraud on the partnership committed by or with the consent of that partner.

N.Y. Partnership Law § 23 (McKinney 2017).  "Partnership liability . . . is rooted in agency principals."  Nw. Nat. Bank of Minneapolis v. Fox & Co., 102 F.R.D. 507, 512 (S.D.N.Y. 1984); see N.Y. Partnership Law § 20 (McKinney 2017) ("Every partner is an agent of the partnership for the purpose of its business . . . ."); see also Medcalf v. Thompson Hine LLP, 84 F. Supp. 3d 313, 322 (S.D.N.Y. 2015) ("Indeed, a general principle of partnership liability is that a partner is an agent for the partnership, and a partnership is liable for the wrongful acts of its partners committed in the ordinary course of the business of the partnership.").[4]

As the plain text of New York Partnership Law § 23 makes clear, that provision covers only "matter relating to partnership affairs."  That is, before the knowledge of one partner can be imputed to a partnership (and thus other

---

[4] The Second Circuit has also explained that "[a] joint venture is in many ways similar to a partnership agreement. The primary difference between them is that a joint venture is usually arranged for a single transaction whereas a partnership is formed to conduct a continuing business."  In re PCH Assocs., 949 F.2d 585, 599 (2d Cir. 1991)

3

partners), the Court must first determine whether the knowledge at issue concerns matter that falls within "partnership affairs." In addition, even if a partner possesses knowledge of a matter relating to partnership affairs, such knowledge is not imputed to the partnership in in the case of fraud on the partnership.

II.   DISCUSSION[5]

Several facts important to the pending motions are uncontested: Alavi existed as a charitable organization, owned and controlled by Iran, for a number of years before the Assa entities were formed. Among Alavi's assets were (and are) several commercial properties, including a building located at 650 Fifth Avenue New York, New York. Alavi had acquired that building with a loan provided by Bank Melli, the Central Bank of Iran. Because income from the building was unrelated to fulfillment of its charitable purposes (although it funded them), Alavi paid taxes on such income. Iran sought to reduce this tax obligation by creating a partnership – the 650 Fifth Avenue Company (the "650 Fifth Ave Partnership" or the "Partnership") – in which Bank Melli (the mortgagor) would hold an interest equivalent to the debt that it was owed, and Alavi would hold the remainder. This structure was implemented with Bank Melli's interest being held by an entity created for that purpose, Assa Corporation, which was wholly owned by Assa Company Limited (together, "Assa").

Following its formation, the <u>business</u> of the 650 Fifth Ave Partnership appears to have been managing and operating real estate interests, including the

---

[5] This Court applies the well-known summary judgment standard in this Circuit.

building located at 650 Fifth Avenue in Manhattan, i.e., leasing the building, paying its obligations, and receiving and distributing profits derived therefrom.  There is no uncontested evidence before the Court on this motion that the business of the 650 Fifth Avenue Partnership was to engage in actions to shield the Government of Iran's true ownership and/or control.  On the other hand, it does appear that the purpose of Assa was to cloak the interest of Bank Melli/Iran; and over time, this appears to have become the designated business of Assa.

In its motion for partial summary judgment, the Government argues that this Court should impute Assa's knowledge that it was owned and controlled by Iran to the Partnership and thus to Alavi, and that the Court may do so based on undisputed facts.

In order for the Government to prevail on its motion, the Court would need to make several determinations.  First, the Court would need to find that there is no triable issue regarding whether Assa's true ownership and control was a matter relating to the 650 Fifth Ave Partnership's affairs.  If the Court found that, based on undisputed facts, Assa's true ownership and control was a matter relating to the Partnership's affairs, the Court would next need to determine that there is no triable issue regarding whether Assa committed fraud on the Partnership (and thus defrauded Alavi) as to Assa's true owner.

For their part, Claimants argue that this Court should grant summary judgment in their favor on the question of imputation.  To support their position, Claimants first argue that Assa's ownership and control is not a matter relating to

the Partnership's affairs.  Second, Claimants argue that even if this Court were to conclude that Assa's ownership and control was a matter related to the Partnership's affairs, the undisputed record demonstrates that Assa defrauded Alavi on this issue.

Having closely reviewed the record on these motion, the Court finds that there are disputed issues of material fact that preclude granting summary judgment on either motion.

As an initial matter, the factual record leaves open a triable issue as to whether Assa's true ownership and control by Iran was a matter related to the Partnership's affairs.  The parties appear to agree that "matter[s] relating to partnership affairs" include at least matters relating to a partnership's day-to-day business operations.  (See Gov.'s Mem. at 12 ("[s]ection 23 of the Partnership Law imparts constructive notice of transactions within the scope of the partnership business by one partner to all other partners." (citing Bank of Commerce v. De Santis, 114 Misc. 2d 491, 495 (N.Y. Civ. Ct. 1982)); Claimants' Reply Mem. at 2-3 (noting that the New York Partnership Law repeatedly, if not always, uses the phrase "partnership affairs" "in connection with the type of ordinary business activities that must be resolved and/or concluded before the partnership can be dissolved").)  As discussed above, the day-to-day business operations of the 650 Fifth Ave Partnership most obviously involved real estate management.  There is surely not undisputed evidence, at this stage, that the business operations of the Partnership involved concealment of Assa's ownership and control by Iran; nor is it

6

undisputed that the business operations of the Partnership did not involve concealment of Assa's ownership and control by Iran. This will need to be developed. In short, how concealment of Assa's ownership and control fits within the Partnership's overall business cannot be answered on this record.

Beyond day-to-day business operations, the parties do not clearly state how they each seek to define "matter[s] relating to partnership affairs."[6] The Government argues that such matters includes "the purpose and goals of the partnership," and states that Iran's "ownership and control of Assa was in fact one of the integral purposes of the Partnership." (Gov.'s Reply Mem. at 5.) Even accepting as true that "the purpose and goals of a partnership" are "matter[s] relating to partnership affairs" – a question the Court need not now resolve – there are disputed issues of material fact concerning the purposes and goals of the 650 Fifth Ave Partnership. Put differently, neither party has demonstrated that the Partnership's purposes and goals undisputedly did or did not include concealing Iran's ownership and control of Assa.

The Government appears to conflate the <u>use</u> of the Assa entities as an ownership vehicle with the <u>affairs</u> of the Partnership. While the identity of the owners of any partnership interest may be of relevance to the partnership, such fact does not necessarily mean that the identity of such owners is a matter relating to the partnership's affairs. In sum, there remain triable issue as to whether Assa's

---

[6] The Government spends a substantial amount of time propounding general concepts that are undisputed, for example, that the "imputed knowledge of partners and agents is a common fact of corporate structures." (Gov.'s Mem. at 12.)

7

true ownership and control by Iran was a matter related to the Partnership's affairs.

Even if this Court were to find that Assa's true ownership and control by Iran was a matter related to the Partnership's affairs, questions of fact nonetheless exist regarding whether Assa defrauded Alavi and the Partnership regarding its true ownership and control. There are material disputes regarding certain representations that Assa made to Alavi (or failed to make) concerning its ownership, as well as whether Alavi reasonably relied on certain representations. While the standard for a showing of fraud is high, this Court cannot say – as a matter of law – that a rational juror could not make such a finding on the record here. This too means that summary judgment is inappropriate on these motions.

III. CONCLUSION

For the reasons set forth above, both pending motions for partial summary judgment are DENIED. This matter shall proceed to trial on the question of Alavi's knowledge of Assa's ownership and control by Iran, as scheduled.

The Clerk of Court is directed to terminate the motions at ECF Nos. 1411 and 1433.

SO ORDERED.

Dated:   New York, New York
         February 16, 2017

                                                                            KATHERINE B. FORREST
                                                                            United States District Judge